IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON L. BLISS,<br>    Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-5145 |
| | : | |
| PSP FOGELSVILLE, *et al.*,<br>    Defendants. | : | |

<u>MEMORANDUM</u>

**HODGE, J.**                                                                                             **NOVEMBER 3, 2025**

Plaintiff Jason L. Bliss, an inmate incarcerated at the Lehigh County Jail ("LCJ"), initiated this civil rights action by filing a *pro se* Complaint against Pennsylvania State Police ("PSP") Fogelsville and State Troopers Sergeant Micheal Rodreguez and Lieutenant Micheal Oswald. For the following reasons, the Court will grant Bliss leave to proceed *in forma pauperis* and dismiss the Complaint.

**I.     FACTUAL ALLEGATIONS**[1]

Bliss's allegations are brief. First, he alleges on or about March 18, 2018, his "mother was murdered by a group of people for a lottery ticket." (Compl. at 4.) He claims that the Fogelsville State Police have "never told" him anything in the past eight years even though he "found the killer." (*Id*.) He asserts that "they" have not told him anything "cause they are stealing" his "lottery" with his brothers. (*Id*. at 4.) He further alleges on or about March 2, 2025, he went to the PSP Fogelsville police station to "talk" and was "pretty much" told to "get lost." (*Id*. at 3.) He has "wrote them over and over" and claims he has never been told "anything about

---

[1] Bliss used the form civil rights complaint available to unrepresented litigants to file his Complaint ("Compl."). (ECF No. 2.) The factual allegations set forth in this Memorandum are taken from Complaint.

the whole cases involved." (*Id.*)  It appears "they" refers to Defendants, whom he claims have not told him anything about his mother's murder investigation.  He seeks "compensation" and "charges filed."[2]  (*Id.* at 3.)

## II.     STANDARD OF REVIEW

The Court grants Bliss leave to proceed *in forma pauperis*.[3]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *see also Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, liberally construed, contains facts

---

[2] The Court construes relief for "charges filed" as a request for criminal charges to be filed against a third party for the murder of his mother.  This is not relief that the Court can grant to him because a "private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *See, e.g., Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (finding that a citizen lacks standing to contest prosecutorial policies "when he himself is neither prosecuted nor threatened with prosecution") (citations omitted); *Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010) ("It is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution.") (citations omitted); *Smith v. Friel*, No. 19-943, 2019 WL 3025239, at *4 (M.D. Pa. June 4, 2019), *report and recommendation adopted*, 2019 WL 3003380 (M.D. Pa. July 10, 2019) (collecting cases and stating "courts have long held that a civil rights plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third parties").

[3] Because Bliss is a prisoner, he must still pay the $350 filing fee for this case in installments as required by the Prison Litigation Reform Act.

sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Bliss is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

Bliss alleges claims pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Claims Against PSP Fogelsville

Bliss names PSP Fogelsville as a defendant. This is not a proper defendant for a § 1983 claim. Neither the Commonwealth, nor its agencies or officials acting within their official capacities, can be sued under § 1983 because they are not "persons" under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Furthermore, the Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *see also A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). As the Commonwealth has not waived its Eleventh Amendment immunity for lawsuits filed in federal court, *see* 42 Pa. Cons. Stat. § 8521-22, it and its departments, like PSP Fogelsville, are immune from suits filed in federal court. *See Atkin v. Johnson*, 432 F. App' x 47, 48 (3d Cir. 2011) (*per curiam*) ("The District Court correctly determined that the Eleventh Amendment bars claims for damages against the PSP, a state agency that did not waive its sovereign immunity.").

### B. Claims Against Sergeant Rodreguez and Lieutenant Oswald

Bliss appears to assert a claim against Sergeant Rodreguez and Lieutenant Oswald, for failing to investigate the murder of his mother and give him information regarding the investigation. *See Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 248 (3d Cir. 1999) ("We apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name."). However, there is no cognizable claim for a failure to investigate a crime. *See Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) (quotations omitted) ("[A]n allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim."); *see also Boseski v. N. Arlington Municipality*, 621 F. App'x 131, 135 (3d Cir. 2015) (*per curiam*) ("Boseski has no cognizable claim against a government entity for its failure to investigate or bring criminal charges against another individual."). Nor can Bliss bring a § 1983 claim *pro se* on behalf of others in federal court, for example a claim on behalf of his mother's estate. *Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007); *Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991) ("The statutory right to proceed *pro se* reflects a respect for the choice of an individual citizen to plead his or her own cause.") (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990)). Therefore, this claim will be dismissed.

### IV. CONCLUSION

For the foregoing reasons, the Court will grant Bliss leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice since attempt at amendment would prove futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (stating that complaints dismissed under the Prison Litigation Reform Act should be with leave to amend "unless

amendment would be inequitable or futile"). An appropriate Order dismissing this case will be entered separately. *See* Federal Rule of Civil Procedure 58(a).

**BY THE COURT:**


**/s/ Hon. Kelley B. Hodge**
_____
**KELLEY BRISBON HODGE, J.**